**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Juan Messino-Garcia,

Petitioner

v.

Todd Blanche, et al,

Respondents

Case No.: 2:26-cv-02012-JAD-MDC

**Order Granting Habeas Petition and Directing Respondents to Provide a Bond Hearing**

[ECF No. 9]

Petitioner Juan Messino-Garcia is a Mexican citizen who entered the United States in 2022. He was convicted of possession of methamphetamine and misdemeanor criminal possession of a financial transaction card in 2025. Immigration and Customs Enforcement (ICE) detained and initiated removal proceedings against Messino-Garcia in January of 2026, and he has been in ICE detention at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, ever since. He has not had a bond hearing, and the government contends that Messino-Garcia is detained under 8 U.S.C. § 1226(c), which requires mandatory detention without bond. Messino-Garcia seeks a writ of habeas corpus, alleging that his prolonged detention without a bond hearing violates his due-process rights under the Fifth Amendment of the United States Constitution.[1] Because I find that Messino-Garcia's lengthy detention without a bond hearing violates due process and that he is entitled to a bond hearing at which the government bears the

[1] In his amended habeas petition, Messino-Garcia argues that he is a *Jacobo-Ramirez* class member. The government contests this characterization of Messino-Garcia's detention and argues that he is not a *Jacobo-Ramirez* class member because he was detained under § 1226(c) after his conviction for possession of methamphetamine. Messino-Garcia explains in his reply that his counsel did not originally have access to his plea agreement or judgment in his Idaho conviction to support that he was subject to mandatory detention and now agrees that he is detained under § 1226(c) and is not a *Jacobo-Ramirez* class member. ECF No. 18 at 2.

burden to show by clear-and-convincing evidence that he is a danger or flight risk, I grant the petition and order a bond hearing.

## Discussion

### A. This court has jurisdiction over Messino-Garcia's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[2] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[3]

### B. Noncitizen detainees are entitled to due process of law in immigration proceedings.

The government argues that Messino-Garcia is not entitled to release on bond or a bond hearing as a statutory matter.[4] The government relies on *Avilez v. Garland*, in which the Ninth Circuit held that under the Supreme Court's holding in *Jennings v. Rodriguez*, noncitizens detained under § 1226(c) are not statutorily eligible for release on bond during the judicial phase of their removal proceedings except when the witness protection textual exception applies.[5] But the Ninth Circuit and the Supreme Court have given no guidance on whether prolonged detention violates a detainee's due-process rights under the Constitution.

In *Demore v. Kim*, in which the Supreme Court rejected a facial challenge to § 1226(c),[6] the Court left open "the question [of] whether prolonged detention under § 1226(c) without a

---

[2] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[3] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[4] ECF No. 12 at 12.

[5] *Id.* (citing *Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023)).

[6] *Avilez*, 69 F.4th at 527–28.

bond hearing will *at some point* violate an individual detainee's due-process rights."[7] In his concurrence, Justice Kennedy explained that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."[8] And the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional" or that our country's founders would approve of this practice.[9] So the government's argument that Messino-Garcia should not get a bond hearing because he is not statutorily entitled to one is not dispositive because he contends that the Constitution, not the statute, demands that he get a hearing. The government also fails to address *Martinez v. Clark*, in which the Ninth Circuit endorsed the district court's decision to order a bond hearing for a § 1226(c) detainee under the Due Process Clause.[10]

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[11] But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[12] Courts in this district apply the three-factor test outlined in the Supreme Court case *Mathews v. Eldridge*[13] to determine whether a noncitizen's procedural due-

---

[7] *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024) (cleaned up).

[8] *Demore*, 538 U.S. at 532 (Kennedy, J., concurring).

[9] *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

[10] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[11] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[12] *Id.* at 1206.

[13] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

process rights have been violated in immigration-detention situations like this one.[14] Under *Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[15]

**C. Messino-Garcia's nine-month detention without due process warrants relief.**

Messino-Garcia contends that he was not given adequate due-process protections to challenge his detention as he has not had a bond hearing.[16] The government takes the position that Messino-Garcia is not entitled to a bond hearing because he is detained under § 1226(c) and, even if he were entitled to a hearing, the *Mathews* factors do not support his request for relief.

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[17] But when evaluating Messino-Garcia's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[18] It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[19]

---

[14] *Morales v. Mullin*, 2026 WL 1623189, at *3 (D. Nev. June 5, 2026) (using the *Mathews* test to determine if the due-process rights of a person detained under § 1226(c) were violated); *De Leon v. Mayorkas*, 2024 WL 343437, at *2 (D. Nev. Jan. 29, 2024) (same).

[15] *Mathews*, 424 U.S. at 335 (cleaned up).

[16] ECF No. 18 at 1.

[17] *Rodriguez Diaz*, 53 F.4th at 1207.

[18] *Id.* at 1208.

[19] *Id.*

The government argues that Messino-Garcia is prolonging his detention by appealing his removal order to the Board of Immigration Appeals (BIA), and that "there [are] no allegations or evidence presented of dilatory conduct by the government."[20] While I acknowledge that his detention is now prolonged because he has appealed the immigration court's removal determination to the BIA, under normal circumstances he would have been given the opportunity to seek bond—an option that he has been deprived of thus far. The government also argues that Messino-Garcia's detention is neither "punitive nor unreasonably prolonged."[21] But he has been detained for nine months, and the *Demore* majority explained that detention would last roughly five months when a noncitizen appeals his removal order.[22] So on balance, I find that the deprivation of Messino-Garcia's liberty interest weighs in favor of relief.

There is also a substantial risk of erroneous deprivation of Messino-Garcia's interest due to the government's reliance on § 1226(c)'s mandatory-detention scheme. He has been detained for nine months while his removal proceedings have been pending, and throughout that time he has had no opportunity to seek bond. I thus find that Messino-Garcia faces a severe risk of erroneous deprivation of his liberty interest absent these procedures, so the second *Mathews* factor also weighs in favor of habeas relief.

It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[23] But given that Messino-Garcia has not had an opportunity to seek bond, I cannot conclude that the government's interests outweigh the

---

[20] ECF No. 12 at 13.

[21] *Id.* at 3.

[22] *Demore*, 538 U.S. at 530.

[23] *Rodriguez Diaz*, 53 F.4th at 1208.

petitioner's in this case. The parties' interests are not mutually exclusive: the government's interest in enforcing immigration law and protecting the public from dangerous noncitizens can still be served while also providing due-process protections to the noncitizens in its custody. Indeed, the IJ can assess Messino-Garcia's dangerousness or lack thereof in a constitutionally adequate bond hearing. So I hold that the government violated Messino-Garcia's due-process rights when it deprived him of a bond hearing for nine months.

**D. DHS must give Messino-Garcia a bond hearing, at which the burden will be on the government.**

To redress his constitutionally deficient detention, Messino-Garcia asks for "a constitutionally adequate [bond] hearing in which he can seek release on bond with the burden on the government."[24] While the Ninth Circuit ruled in *Rodriguez Diaz v. Garland* that the government does not bear the burden in a second bond hearing, the court subsequently held in *Martinez v. Clark* that the burden is on the government to prove by clear-and-convincing evidence that a noncitizen is a danger to the community or a flight risk in an initial bond hearing.[25] Courts in this district have held that that the government bears the burden in § 1226(a) cases in which detainees never received a bond hearing.[26] I find that reasoning persuasive here because, like the § 1226(a) petitioners from earlier this year, Messino-Garcia never received an initial bond hearing. So I find that the risk of erroneous deprivation of Messino-Garcia's liberty interest is high without a bond hearing, and I conclude that the burden at that hearing must be on the government to show that he is a threat or a flight risk.

---

[24] ECF No. 18 at 11.

[25] *Romero Estrada v. Mattos*, 2026 WL 996929, at *3 (D. Nev. Apr. 13, 2026) (citing *Rodriguez*, 53 F.4th at 1203, and *Martinez v. Clark*, 124 F.4th at 785).

[26] *Id.* at *4 (collecting cases).

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Juan Messino-Garcia's amended petition for a writ of habeas corpus **[ECF No. 9] is GRANTED**. Respondents must schedule a bond hearing for Messino-Garcia with an immigration judge within the next 21 days, at which the burden will be on the government to show that he is a danger to the community or a flight risk. If the respondents do not provide a bond hearing within 21 days, they must release Juan Messino-Garcia from detention by 5:00 p.m. PDT on the 22nd day following entry of this order.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

The Clerk of Court is directed to **CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
October 9, 2026